IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                               *
YOUNG HEE KO, Ph.D.,
                               *
     Plaintiff,
v.                             *     CIVIL NO.: WDQ-05-1475
                               *
THE JOHNS HOPKINS UNIVERSITY,
et al.,                        *

     Defendants.               *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

Plaintiff, Young Hee Ko, seeks to enjoin Johns Hopkins University ("JHU") from terminating her employment during this litigation.  For the reasons discussed below, the Plaintiff's motion for a preliminary injunction will be denied.

BACKGROUND

Since 1989, Dr. Ko, a biochemist and biophysicist, has been employed with the JHU School of Medicine. In March 2002, Ko obtained a three year, non-tenure position as an Assistant Professor. Through extensive research, Ko has developed an anti-cancer agent, 3-BrPA, which reportedly has a 100% cure rate for advanced cancer in laboratory rats.  Ko and her team are ready to seek FDA approval for conducting human clinical trials.

On May 19, 2004,  Ko filed a discrimination charge

1

against JHU with the Baltimore Community Relations Commission

("BCCR")and the Equal Employment Opportunity Commission ("EEOC"), complaining of racial and gender discrimination.  On June 30, 2004, JHU notified Ko that her position would not be renewed.  On July 9, 2004, Ko filed a retaliation claim with the BCCR and EEOC.

                    STANDARD OF REVIEW

        In determining whether to grant a motion for a preliminary injunction, the court must consider: (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendant if the requested relief is granted; (3) the likelihood plaintiff will succeed on the merits; and (4) the public interest. *Blackwelder Furniture Co. of Statesville, Inc. v. Selig Mfg. Co., Inc.*, 550 F.2d 189, 193-95 (4th Cir. 1977). As the party seeking the injunction, Ko must establish that, on balance, these factors favor the grant of an injunction. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1992).

        The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction is denied; if such a showing is made, the court must then

                              2

balance the likelihood of harm to the defendant. *The Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 271 (4th Cir. 2002) (*citing Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 859 (4th Cir. 2001); *Direx Israel,* 952 F.2d at 812). Absent a clear showing of irreparable harm, a preliminary injunction is inappropriate. *See Direx Israel,* 952 F.3d at 812 (*citing Sampson v. Murray*, 415 U.S. 61, 88 (1974).

## ANALYSIS

In the employment context, "courts are loathe to grant preliminary injunctions because injuries associated with employment discharge, such as damage to reputation, financial distress, and difficulty in finding other employment, do not constitute 'irreparable harm' unless extraordinary circumstances are shown." *See Piercy v. Federal Reserve*, 2003 WL 115230 (S.D.N.Y. 2003); *Williams v. State of New York*, 635 F.Supp. 1243, 1248 (E.D.N.Y. 1986). Plaintiff, however, argues that an injunction is appropriate because extraordinary circumstances exist.

I.   Reputational Injury

Plaintiff claims that JHU's failure to renew her contract will be perceived negatively by potential employers. She contends that this is extraordinary because a scientist's

reputation and credibility are invaluable.

Although the dismissal of a tenured professor or denial of tenure may constitute irreparable harm, *EEOC v. Tufts Institution of Learning*, 421 F.Supp. 152, 163 (D. Mass. 1975); *Silva v. University of N.H.*, 888 F.Supp. 293, 325-26 (D.N.H. 1994), the non-renewal of a faculty member's contract does not. *See Nedder v. Rivier College*, 908 F.Supp. 66, 84 (D.N.H. 1995). As Ko was a probationary employee, her reputational injury "falls short of the type of injury which is a necessary predicate to the issuance of a temporary injunction." *See id.* Moreover, the Fourth Circuit has opined that "the decision not to reappoint is not a form of dismissal. Nonreappointment is a regular and indispensable feature of any tenure system that includes a selection process resting on probationary service." *Mayberry v. Dees*, 663 F.2d 502, 515 (4th Cir. 1981). "It is a fact of basic importance that non-renewal, following the running of the established probationary period, is not a dismissal, and is altogether lacking in invidious connotations." *Id; See also* Affidavit of Theodore O. Poehler, Ph.D., Vice Provost for Research at JHU, *at ¶ 13(*"Universities and people in academic circles do not construe a nonrenewal of a contract for a junior non-tenured person as reflecting upon the competence of a

researcher or academic.  The tenuous position of the non-tenured professor is well known, and empathy abounds in academic circles for the life that often requires drastic changes in geographic location, institutions, or even fields of research interest").

II.  Termination of Research and Loss of Grants

Absent an injunction, Ko claims that her current research will terminate and there will be a significant lapse-- approximately one to two years--before it could resume.  Ko argues that this lapse will adversely affect her ability to obtain FDA approval for human clinical trials; this is not irreparable harm.  Specifically, there is no evidence that Ko could not obtain another position and resume her research.  Her inability to secure other employment is largely the result of her decision not to seek another job in the nearly year long period in which she has known her contract will not be renewed.

Ko also contends that she will suffer irreparable harm by the loss of a Komen Foundation grant and a Pratt Award.  The loss of grant money, however, is a compensable injury.  *See Hughes Network Sys., Inc. v. Interdigital Communications Corporation,* 17 F.3d 691, 694 (4th Cir. 1994)(Absent "extraordinary circumstances," harms compensable through monetary damages are not irreparable).  Although Ko contends

5

that she may be precluded from applying for future Komen Foundation grants, she has not cited any provision of the grant that precludes future awards. The loss of the grant and award would be a consequence of her decision not to seek other employment. Her self-inflicted injuries are an insufficient basis for preliminary injunctive relief.

III.      Other *Blackwelder* Factors

Assuming arguendo that irreparable harm had been demonstrated, the Court examined the likely harm to JHU.

"Professional judgment necessarily is of great importance in decisions relating to promotions in academia. The courts are reluctant, and properly so, to substitute their judgment for the judgment of professional academics with expertise in their respective fields." *U.S. v. University of Maryland*, 438 F.Supp. 742, 756 (D.Md. 1977). If JHU is forced to retain Ko, JHU would surrender its academic autonomy to the Court. *See Cotnoir v. University of Maine System*, No. Civ. 93-0009B, 1993 WL 277543, at *3 (D. Me. July 8, 1993) (denying preliminary injunction because requiring UMA to keep Plaintiff on the payroll would surrender the University's academic autonomy); *Vargas-Figueroa v. Saldana*, 826 F.2d 160, 163 (1st Cir. 1987) (same). Moreover, JHU could not be compensated for the loss of freedom to conduct its affairs while the injunction was in effect. *See Vargas-Figueroa*, 826 F.2d at 163. Therefore,

6

the balance of hardships weighs in favor of JHU.

Plaintiff urges the Court not to adopt the notion of "academic autonomy" because it would mean that JHU is exempt from the scope of federal discrimination laws. This argument, however, is without merit. JHU, as an academic institution, is not immune to charges of employment bias. *See Smith v. University of North Carolina*, 632 F.2d 316, 345 (4th Cir. 1980). Until JHU is found liable, however, the Court will not interfere with its ability to order its affairs. *See Vargas-Figueroa v. Saldana*, 826 F.2d at 162.

The Plaintiff has an apparently substantial claim for retaliation. Although this factor favors the grant of preliminary relief, it does not require an injunction because the injury is compensable in damages.

In most private litigation, the public interest is not a concern when determining whether to grant a preliminary injunction. *Blackwelder*, 550 F.2d at 197. In this case, Plaintiff argues that the public interest furthered by her research requires the grant of preliminary relief. Although the Court respects--and is hopeful for a good outcome from--her research efforts, our medical history is replete with drugs from Thalidomide to Celebrex that bore bright promise but proved to be harmful. Her research--which has not had human trials--is promising but of insufficient established value to support a

finding that the public interest requires the issuance of an injunction.

Accordingly, the Plaintiff's motion for a preliminary injunction will be denied.

CONCLUSION

For the reasons discussed above, Ko's motion for a preliminary injunction will be denied.


June 24, 2005                           /s/
Date                            William D. Quarles, Jr.
                                United States District Judge